IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUZ M. SANCHEZ, | No. C 09-04506 SI |
| Plaintiff, | **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |
| v. | |
| U.S. BANK, N.A., et al., | |
| Defendants. | |

Defendant's motion to dismiss is currently set for oral argument on February 26, 2010. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument and VACATES the hearing. Having considered the papers submitted, and for good cause shown, the Court GRANTS the motion to dismiss with leave to amend. Plaintiff's amended complaint must be filed no later than **March 8, 2010.**

## BACKGROUND

This action centers around a mortgage loan taken out by plaintiff Luz Sanchez. The $424,000 loan, originated by Najarian Loans, Inc. ("Najarian"), was secured by plaintiff's property located at 1019 Ingerson Avenue in San Francisco. Complaint at 2:16-23, 3:16-4:1; *see also* Deed of Trust, ex. A to Def. RJN.[1] The deed of trust entered into between plaintiff and Najarian was later assigned to U.S. Bank, the defendant in this case. *See* Deed Assignment, ex. C. to Def. RJN. After plaintiff defaulted

---

[1] Defendant's request for judicial notice of the Deed of Trust, Grant Deed, and Corporate Assignment of Deed of Trust ("Deed Assignment") is granted, as all of these documents are matters of public record. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006).

on her loan payments, defendant initiated non-judicial foreclosure. Complaint at 4:16-19.

Plaintiff's basic theory of the case appears to be that defendant lacked the power to collect loan payments and to foreclose on her home after she defaulted on these payments. According to plaintiff, defendant has no valid security interest in her home because the promissory note entered into with Najarian is itself unenforceable or, in the alternative, because the procedure by which Najarian assigned the deed to defendant was invalid.

Plaintiff alleges that the promissory note "was a simple contract, which at minimum, required consideration in the form of said loan to be issued by Najarian – the stated 'lender.'" Complaint at 5:1-5. Plaintiff alleges that Najarian "never in fact lent Plaintiff or anyone anything and nor did they otherwise fund and/or pay anything to the seller of the home Plaintiff purchased," and that Najarian's non-fulfillment of its contract obligations "effectively rendered [the deed of trust] null and void." *Id.* at 5:19-22,7:11. According to plaintiff, because the promissory note and deed of trust are unenforceable, defendant is "outside the chain of Plaintiff's title to her home." *Id.* at 7:14.

Plaintiff further challenges the involvement of Mortgage Electronic Registration Systems, Inc. ("MERS") in the assignment of the deed to defendant. The deed states that MERS is "a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns. MERS is the Beneficiary under this Security Instrument." Deed of Trust at 1. The deed further states,

> MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling this Security Instrument.

*Id.* at 3. Plaintiff states that MERS "exchanged no consideration for [its] designation" as beneficiary, and alleges that MERS lacked the power to assign the deed to defendant on Najarian's behalf. Complaint at 8:9-10, 11:2-6. In addition, plaintiff alleges that the assignment "may have been forged vis-a-vis the alleged execution by a 'Vice President' of MERS, which Plaintiff has reason to believe, is a false designation." *Id.* at 10:27-11:2. Plaintiff further alleges that defendant was aware of the invalid assignment yet "continued to bill for and collect loan payments from Plaintiff from November 2005 through February 2008 and either kept the money or passed it on to an unascertained third party

2

or parties." *Id.* at 12:15-19.

Plaintiff seeks (1) compensatory and punitive damages; (2) a declaration that defendant has no security interest in plaintiff's property, must "reverse and/or remove any adverse credit notices relative to Plaintiff's alleged default," and is "forever barred from pursuing any legal, equitable, or administrative remedy against Plaintiff arising from her alleged default"; and (3) cancellation of the deed of trust, assignment, notice of default, and notice of trustee's sale. *Id.* at 16:6-20. Presently before the Court is defendant's motion to dismiss the complaint for failure to state a claim.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 544, 555.

In deciding whether the plaintiff has stated a claim upon which relief can be granted, the Court must assume that the plaintiff's allegations are true and must draw all reasonable inferences in the plaintiff's favor. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

## DISCUSSION

As an initial matter, the Court must respond to plaintiff's contentions regarding the applicable pleading standards in this case. Plaintiff suggests that she should not be held to any pleading standard at all simply because she is in the unfortunate position of facing the loss of her home. Plaintiff asserts,

> In the absence of creative pleadings and/or a liberal judicial interpretation of such

3

> pleadings, most plaintiffs[] trying to save their homes in non-judicial foreclosure states will be left on the courthouse steps and without access to justice . . . . However atypically any cause of action may be ple[d], that should not prevent Ms. Sanchez from being able to litigate the issues she feels entitle her to keep her home, regardless of any defense allegation. After all, this is how the law evolves and if millions of people losing their homes in this country doesn't call for an evolution in the law . . . , then why have any laws at all?

Oppo. at 2-3. This assertion is without merit. The fact that plaintiff is challenging defendant's right to foreclose on her home does not entitle her to move forward with her case regardless of the adequacy of her complaint. The Court must assess the sufficiency of the complaint using generally-applicable federal pleading standards as set forth in Rule 8 and the *Twombly* and *Iqbal* decisions.

## I.    Declaratory Relief

Plaintiff's first cause of action seeks a declaration that defendant has no security interest in her property and must therefore "reverse and/or remove any adverse credit notices relative to Plaintiff's alleged default" and be "forever barred from pursuing any legal, equitable, or administrative remedy against Plaintiff arising from her alleged default."

Under California law, "The fundamental basis of declaratory relief is the existence of an actual, present controversy over a proper subject." *City of Cotati v. Cashman*, 52 P.3d 695, 702 (Cal. 2002). In assessing whether a plaintiff has properly pled a cause of action for declaratory relief, courts must examine the substantive allegations in the complaint to determine whether the plaintiff has identified a "legally cognizable theory." *Otay Land Co. v. Royal Indem. Co.*, 86 Cal. Rptr. 3d 408, 412 (Cal. Ct. App. 2008). "One cannot analyze requested declaratory relief without evaluating the nature of the rights and duties that plaintiff is asserting, which must follow some recognized or cognizable legal theories, that are related to subjects and requests for relief that are properly before the court." *Id.* at 413. Accordingly, to determine whether plaintiff has stated a claim for declaratory relief, the Court must examine whether plaintiff has adequately pled any basis for finding that defendant lacks a valid security interest in her property.

### A.    California Commercial Code § 3104(a)

Plaintiff's first contention is that the loan documents were unenforceable at their inception, and

4

therefore cannot have been validly assigned to defendant, because the promissory note was not a negotiable instrument within the meaning of California Commercial Code § 3104(a). Plaintiff emphasizes that under this statutory provision, a "negotiable instrument" is an "*unconditional* promise or order to pay a fixed amount of money." Cal. Com. Code § 3104(a) (emphasis added). Plaintiff asserts that the promissory note constituted only a "conditional agreement[] because surely at the time of execution, no such loan had been received by anyone." Oppo. at 9.

Even assuming that the note does not constitute a negotiable instrument within the meaning of the California Commercial Code, plaintiff does not explain in the complaint or in her opposition why this fact has any bearing on the present action. Non-judicial foreclosures are comprehensively governed by California Civil Code §§ 2924-2924k. *See Banc of Am. Leasing & Capital, LLC v. 3 Arch Trustee Servs., Inc.*, 103 Cal. Rptr. 3d 397, 399 (Cal. Ct. App. 2009). Nowhere does this statutory scheme state that, to be subject to non-judicial foreclosure, a mortgage must stem from a negotiable instrument within the meaning of the Commercial Code. The Court was also unable to locate any case law to that effect. Accordingly, plaintiff's allegations under California Commercial Code § 2924 provide no support for her declaratory judgment claim.

### B. Failure of Consideration

Second, plaintiff alleges that the loan documents are unenforceable due to lack of consideration based on the fact that Najarian allegedly did not fund the loan. Under California contract law, however, "good consideration" is defined as "[a]ny benefit conferred, or agreed to be conferred, upon the promisor, *by any other person*, to which the promisor is not lawfully entitled." Cal. Civ. Code § 1605 (emphasis added). Plaintiff does not allege that she received no loan funds – only that Najarian did not provide these funds. Indeed, it is apparent from the face of the complaint and from the loan documents that plaintiff received the loan funds and used them to purchase the subject property. Plaintiff's argument in her opposition brief that the "Court should not consider any mystery funds paid to the seller of the home that Plaintiff purchased to be 'consideration'" is unavailing. Under California law, plaintiff's claim for lack of consideration fails as a matter of law.

5

### C. California Civil Code §§ 1640, 1645

Plaintiff's third allegation is that the loan instruments were invalid under California Civil Code §§ 1640 and 1645. Both of these provisions govern the interpretation of contract terms. *See* Cal. Civ. Code § 1640 ("WRITING, WHEN DISREGARDED. When, through fraud, mistake, or accident, a written contract fails to express the real intention of the parties, such intention is to be regarded, and the erroneous parts of the writing disregarded."); *id.* § 1645 ("TECHNICAL WORDS. Technical words are to be interpreted as usually understood by persons in the profession or business to which they relate, unless clearly used in a different sense."). As an initial matter, plaintiff does not explain how statutes intended to govern a court's interpretation of a disputed contract may provide her with a right of action. Additionally, plaintiff does not identify which portions of the documents at issue may be affected by these statutory provisions. Accordingly, the Court finds that plaintiff's passing citations to California Civil Code §§ 1640 and 1645 do not support her claim for declaratory relief.

### D. Challenges to MERS' Involvement

Finally, plaintiff alleges that MERS lacked the power to assign the deed of trust to defendant and that the assignment "may" have been the product of forgery. Plaintiff's allegation that the notarized assignment document "may" have been forged is far too speculative to state a claim. Additionally, plaintiff's complaint, in its present form, contains no allegations or authority supporting her claim that the assignment in this case was invalid simply because it was effected by MERS. For example, plaintiff nowhere alleges that Najarian did not give MERS the authority to make such an assignment. In addition, plaintiff cites no authority in support of her contention that MERS' role as a "nominee" did not give MERS the power of assignment. Indeed, plaintiff's allegation is undermined by the case she cites in support. *See Ott v. Home Savings & Loan Ass'n*, 265 F.3d 643, 647 (9th Cir. 1958) ("The taking of title by a nominee of a principal or the conveyance of title by a nominee is a familiar device in stock transactions or in the transfer of other interests represented by documents.").[2] Accordingly, the Court

---

[2] Plaintiff's opposition brief refers to many other cases addressing MERS' role in mortgage transactions. However, these cases have not involved challenges to MERS' capacity to effect an assignment of a lender's interest in a mortgage note, and are therefore inapposite to the question of

concludes that plaintiff's complaint does not state a claim with respect to the validity of the assignment of the security interest to defendant. Having concluded that plaintiff has not pled any "legally cognizable theory" in support of her declaratory relief claim, *see Otay*, 86 Cal. Rptr. 3d at 412, the Court GRANTS defendant's motion to dismiss the declaratory relief cause of action with leave to amend. Plaintiff is advised that in amending her complaint, she must make substantive allegations establishing the presence of an actual controversy as to the parties' rights and duties under the documents at issue.

## II.  Cancellation of Loan Instruments

Plaintiff's second cause of action is for cancellation of the deed of trust, assignment, notice of default, and notice of trustee's sale. Under California Civil Code § 3412, a written instrument may be canceled if "there is a reasonable apprehension that if left outstanding it may cause serious injury to a person against whom it is void or voidable." Plaintiff's allegations in support of her contention that the loan instruments are void or voidable are simply the same allegations related to the alleged invalidity of the promissory note and the resulting assignment to defendant. As discussed at length above, none of these allegations is sufficient to state a claim. Additionally, under California law, "in order to obtain rescission of an agreement, . . . a plaintiff must generally restore to the defendant everything of value which the plaintiff has received from defendant under the agreement." *Star Pac. Invs., Inc. v. Oro Hills Ranch, Inc.*, 176 Cal. Rptr. 546, 551 (Cal. Ct. App. 1981). Plaintiff has not alleged that she has restored to defendant the amount she received through the loan agreement, nor has she alleged that she did not in fact receive anything of value as a result of the loan.[3] Accordingly, the Court GRANTS defendant's motion to dismiss plaintiff's cancellation cause of action with leave to amend.

---

whether plaintiff has stated a claim with respect to the validity of the assignment in this case. *See In re Mortgage Elec. Registration Sys. (MERS) Litig.*, 659 F. Supp. 2d 1368 (J.P.M.L. 2009) (establishing multidistrict litigation proceeding consolidating actions alleging conspiracy to conceal from borrowers the true identities of the actual owners of their mortgages); *Mortgage Elec. Registration Sys., Inc. v. Neb. Dep't of Banking & Fin.*, 704 N.W. 2d 784, 788 (Neb. 2005) (holding that MERS is not a "mortgage lender" under Nebraska law).

[3] For this reason, among others, plaintiff's citation to *Smiley v. Watson*, 138 P. 367 (Cal. Ct. App. 1913) is unavailing.

## CONCLUSION

For the foregoing reasons, the Court GRANTS defendant's motion to dismiss with leave to amend. (Docket No. 15). Plaintiff's amended complaint is due no later than **March 8, 2010.**

**IT IS SO ORDERED.**

Dated: February 22, 2010

SUSAN ILLSTON
United States District Judge